[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By amended complaint the plaintiff claims the marriage between the parties has broken down irretrievably and, in a second count, alleges intolerable cruelty. He seeks a dissolution, alimony, distribution of marital assets and other ancillary relief. The defendant has denied the allegation of intolerable cruelty, and has filed a cross-complaint alleging irretrievable breakdown.
There was ample evidence that the marriage has broken down irretrievably and the marriage is ordered dissolved on those grounds as alleged in the complaint. (The plaintiff has not proved the allegation of intolerable cruelty).
 Factual Background
The parties intermarried in South Glastonbury, Connecticut, on September 11, 1976. Both have lived within the state of Connecticut for longer than 12 months prior to the date of the complaint. There were four children issue of the marriage, two of whom have reached the age of majority and two are still minors, to wit: Laura Baldwin born November 21, 1980 (presently 17 CT Page 8667 year of age) and Brian Baldwin born December 18, 1981 (presently 16 years of age). There has been no state assistance to either party or for said children.
The husband is 45 years of age and the wife will be 45 on September 20, 1998.
The husband ascribes the breakdown of the marriage to the wife's coldness and lack of affection toward him. He describes her as totally uninterested in sexual relations and claims that on the infrequent occasions they were intimate, it was a perfunctory experience which she tolerated, but with little, if any, emotion, signs of caring or affection.
It is clear that the sexual appetites of the parties are considerably different and that the dissatisfaction on the part of the husband led to his depression and his desire to find a more comfortable relationship. For her part, the wife claims that the husband did very little to put her in a romantic mood, but she believed that, after all the years, their relationship was generally stable and satisfactory (if not especially passionate) and was shocked that the husband decided to seek a dissolution.
Unfortunately, the husband's decision has alienated his parents, his children and at least one sibling. (He has at least one brother who supports his decision to end the marriage).
While this situation explains the primary cause for the breakdown of the marriage it does not point the finger of fault to either party in particular. They have differing needs, desires and expectations and, as a result, their relationship has become intolerable, at least to the husband.
With that general background, we will turn to a consideration of the requests of the parties. Other facts will be discussed as appropriate to the orders being entered. Connecticut General Statutes §§ 46b-81 and 46b-82 set forth the criteria to be used in determining the distribution of assets and alimony. The court has given careful consideration to said statutory provisions.
Custody:
The parties shall have joint legal custody of the two minor children, Laura Baldwin and Brian Baldwin. The principal place of CT Page 8668 residence of said children shall be with the wife. The husband shall have reasonable visitation privileges.
Child Support:
The husband shall pay child support in the amount of $248 per week for the two minor children. This amount is substantial compliance with support guidelines and shall be enforced by a contingent wage garnishment. Child support shall be reduced according to support guidelines when each child graduates from high school or attains the age of 19, whichever first occurs.
Medical Insurance:
The wife shall obtain or maintain health insurance for said minor children as available through her employer. The parties shall share equally any added cost of maintaining the minor children on the wife's insurance policy. The parties shall also share equally any medical, dental, orthodontic, ophthalmological or other health care related expenses for the benefit of said children which are not reimbursed by insurance coverage. The wife shall submit copies of any such bills (including the cost of insurance) to the husband on a monthly basis and the husband shall reimburse the wife for his half of insurance and unreimbursed medical expenses within 30 days of the mailing date. The provisions of Connecticut General Statutes § 46b-84c are hereby incorporated by reference.
In addition the husband is to pay the wife one half of any unreimbursed medical expenses for the minor children incurred pendente lite which remain unpaid. This to be paid within 30 days of submission of documentation by the wife.
Real Estate:
The parties jointly own the marital home known as 342 Burrows Hill Road in the town of Amston. The court finds the property has a fair market value of $205000. (The husband's appraiser's testimony that the market value has increased since 1997 is not credited as well founded on the evidence). There is a mortgage of approximately $84000, thus there is a gross present equity of approximately $121000.
The home was build in 1980 on land the parties purchased from the husband's father. Both parties contributed directly or CT Page 8669 indirectly to the construction. In 1982 the wife inherited approximately $23000 which went primarily to pay household bills. In 1990, she inherited an additional $46000 which was also used for the household and included paying off a second mortgage and furnishing an addition. The wife seeks a conveyance of the husband's interest in the real estate while the husband seeks a second mortgage to him of $91000 in return for his interest.
In view of the wife's inheritances of approximately $69000 which was put into both household expenses and the present equity of the home, and in view of the other financial orders (including pension and IRA accounts), the husband shall quitclaim his interest in the family home to the wife and the wife shall be responsible for any expenses in connection with said property including the existing mortgage, taxes, insurance and repairs, and shall hold the husband harmless therefrom.
Alimony:
The husband has a bachelor's degree in bio-chemistry and an MBA in finance. He is presently employed as a sales consultant and earns $65000 annually (gross). The wife is a college graduate with a degree in child psychology and textiles. She has been working outside the home since 1991 and is an associate insurance underwriter. She earns $32400 per year and that is her maximum pay level unless she takes additional classes in the field. She still has two minor children at home and needs additional time to take the courses necessary for advancement. Accordingly, the husband shall pay alimony in the amount of $60 per week for 156 weeks in order to assist the wife in bettering her financial situation.
Pension and IRA Accounts:
The husband shall retain ownership free of any claim from the wife his 401K, IRA, Penn Mutual Pension and Connecticut Mutual Horp funds. These funds or accounts have a total value of approximately $93500.
The wife shall retain ownership free of any claim from the husband of her IRA, 401K and Korp funds. These funds or accounts have a total value of approximately $62000.
Bank and Investment Accounts:
CT Page 8670
The Delaware Decatur Fund and the Delaware Delchester Fund shall be divided equally between the parties.
The parties shall continue joint ownership of the Connecticut State Education Fund Bond ($5700) which shall be applied to payment of education expenses for the children issue of the marriage and shall not be used for any other purpose.
Life Insurance:
The husband shall maintain the minor children as irrevocable beneficiaries on his Penn Mutual life insurance policy in the face amount of $40000 until the youngest child graduates from high school or attains the age of 19, whichever first occurs.
Automobiles:
The wife shall retain ownership of the 1991 Plymouth Voyager free of any claim of the husband and the husband shall retain ownership of the 1982 Volvo station wagon in his possession free of any claim of the wife. The court does not believe any difference in the value of two automobiles is of such significance as to warrant adjustment. While exact values were not ascertained, the Court believes the 1991 Plymouth to be worth substantially less than the $7600 claimed by the husband (but more than $1000 claimed by the wife). It is hardly a new car and the Court is satisfied under all the circumstances it is equitable to award each party the vehicle he or she presently drives.
Tax Refund:
The husband shall pay the wife $352.21 within two weeks as her share of their joint refund for the calendar year 1996.
Counsel Fees:
Each party shall be responsible for his/her own counsel fees.
Dependency Deductions:
The husband shall claim Laura as a dependent for tax purposes and the wife shall claim Brian as a dependent for tax purposes.
Personal Property:
CT Page 8671
Each party shall retain ownership of the personal property presently in that party's possession.
Debts:
Each party shall be responsible for the debts (liabilities) shown on their respective financial affidavits.
Other:
In light of the totality of the orders, the husband shall not be entitled to reimbursement for time-share fees he paid.
Klaczak, J.